IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THEODRIC ANDERSON                        :

                                        :

    v.                                   :    Civil Action No. DKC 25-3251

                                          :

MONIQUE TURNER/KINGDOM GLOBAL             :

**MEMORANDUM OPINION**

The above-captioned complaint was filed *pro se* by Theodric Anderson ("Plaintiff"), currently a Maryland resident, on October 1, 2025. (ECF No. 1). Defendant Monique Turner/Kingdom Global ("Defendant") is a resident of Tennessee. (*Id.* at 3). Plaintiff alleges that, in June 2025, while he was President of a Florida business, he and Defendant Monique Turner, President and Chief Executive Officer of Goshen and Global Enterprise LLC, entered into a loan contract. (ECF No. 1-2). Plaintiff alleges that Defendant has breached the loan contract as payment on the loan is overdue and has not been received. (ECF No. 1-1 ¶ 6).

The court directed Plaintiff to show cause why this case should not be transferred to the United States District Court for the Western District of Tennessee pursuant to 28 U.S.C. § 1406(a), due to the lack of venue here. (ECF No. 14). Plaintiff responded, but refers to another statute, 28 U.S.C. § 1404(a), which provides

for a discretionary change of venue. (ECF No. 15). For the following reasons, the case will be transferred.

The complaint asserts personal jurisdiction over Defendant "as she transacted business with the plaintiff via bank wire transfer originating in this judicial district." (ECF No. 1-1 ¶ 4). 28 U.S.C. § 1391 provides, in relevant part:

> (b) Venue in general.--A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

As noted at the outset, Defendant resides in Tennessee, not Maryland. Plaintiff urges the court to retain the case here because Plaintiff now lives here and is receiving pro bono legal assistance from attorneys in the area. (ECF No. 15, at 1-2). Plaintiff also says that a substantial part of the events giving rise to the claim occurred in Maryland including "obtaining the

2

funds from three different banks in Maryland to consolidate the funds for the wire transfer from Maryland to the Defendant in Tennessee; [and] all meetings with the Defendant's other business partners associated with the endeavor [whose] offices are located in Washington D.C., (and who are also victims to the fraud scheme)." (*Id.* at 1). The property mentioned in the Note as security is in Tennessee. (ECF No. 1-2, at 2).

The complaint arises from a Promissory Note entered into between Plaintiff and Defendant on June 6, 2025, signed by Plaintiff, who indicated a Florida address, and Defendant, who provided an address in Georgia. (*Id.* at 4). A confirmation of the wire transfer on June 9, 2025, from TD Bank is attached to the complaint, and reflects a mailing address for Plaintiff in Maryland. (ECF No. 1-3). The wire was directed to a bank account in Tennessee. (*Id.*).

The complaint relies on the wire transfer from Maryland as the basis for personal jurisdiction over Defendant regarding this transaction. That is not enough, either for personal jurisdiction or venue.[1]

---

[1] An additional concern is presented because Plaintiff has also moved for a default judgment. (ECF No. 13). A court cannot enter default judgment against a party over whom the court does not have personal jurisdiction. *Carmax Enter. Servs., LLC v.*

Personal jurisdiction can be general or specific.  A court with general jurisdiction over a defendant can hear any claim against that defendant; a corporation is generally subject to general jurisdiction in its state of incorporation and where it has its principal place of business.  *Bradley v. DentalPlans.com*, 617 F.Supp.3d 326, 334 (D.Md. 2022) (citing *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Specific personal jurisdiction can arise when the defendant's contacts with the forum state give rise to the cause of action. "[A] federal court may exercise personal jurisdiction over a defendant in the manner provided by state law." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing Fed.R.Civ.P. 4(k)(1)(A); *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997)).  The United States Court of Appeals for the Fourth Circuit previously described the analysis required in a case arising out of the District of Maryland:

> [F]or a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the

*Precision Glob. Med. Distribs., LLC*, No. 22-cv-463, 2024 WL 68551, at *5 (E.D.Va. Jan. 5, 2024) (collecting cases).

4

> state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. *Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). With regard to the first requirement, we must accept as binding the interpretation of Maryland's long-arm statute rendered by the Maryland Court of Appeals. *See Mylan [Lab'ys, Inc. v. Akzo, N.V.*], 2 F.3d [56,] 61[ (4th Cir. 1993)].

*Id.* Analysis of both the state long-arm statute and the scope of federal due process is required:

> The Maryland long-arm statute authorizes the exercise of personal jurisdiction to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *Perdue Foods [ LLC v. BRF S.A.*], 814 F.3d [185,] 188[ (4th Cir. 2016)] (citing *Beyond Sys., Inc. v. Realtime Gaming Holding Co.*, 388 Md. 1, 22[] (2005)). This broad reach does not suggest that analysis under the long-arm statute is irrelevant; rather, it reflects that, "to the extent that a defendant's activities are covered by the statutory language, the reach of the statute extends to outermost boundaries of the due process clause." *Dring v. Sullivan*, 423 F.Supp.2d 540, 545 (D.Md. 2006) (quotations omitted). Both the Maryland Court of Appeals and the Fourth Circuit have held that it is not "permissible to simply dispense with analysis under the long-arm statute." *Pandit v. Pandit*, 808 F.App'x 179, 185 (4th Cir. 2020) (unpublished) (quoting *Mackey v. Compass Mktg., Inc.*, 391 Md. 117, 141 n.6[] (2006)). To satisfy the long-arm statute, a plaintiff must specifically identify a statutory provision that authorizes jurisdiction, either in his complaint or in his opposition to a Fed.R.Civ.P. 12(b)(2)

5

> motion.    *See Johansson Corp. v. Bowness Constr. Co.*, 304 F.Supp.2d 701, 704 n.1 (D.Md. 2004); *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F.Supp.2d 649, 653 (D.Md. 2001).

*Orbita Telecom SAC v. Juvare LLC*, 606 F.Supp.3d 240, 247 (D.Md. 2022).

Maryland's long-arm statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103, provides:

> (b) A court may exercise personal jurisdiction over a person, who directly or by an agent:
> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply goods, food, services, or manufactured products in the State;
> (3) Causes tortious injury in the State by an act or omission in the State;
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;
> (5) Has an interest in, uses, or possesses real property in the State;
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

None of the subsections of the Maryland Long Arm Statute are satisfied.  Only subsection (b)(1) is implicated by Plaintiff's

argument.  That subsection provides for personal jurisdiction when a person transacts any business or performs any character of work or service in the State.

> Transacting business pursuant to subsection (b)(1) "requires 'actions [that] culminate in purposeful activity within the State.'" *Bahn v. Chicago Motor Club Ins. Co.*, 98 Md.App. 559, 568, 634 A.2d 63 (1993); *Prince v. Illien Adoptions Int'l, Ltd.*, 806 F.Supp. 1225, 1228 (D.Md. 1992); *Sleph v. Radtke*, 76 Md.App. 418, 427, 545 A.2d 111 (1988), *cert. denied*, 314 Md. 193, 550 A.2d 381 (1988).  Where the contacts involve a contract, "Maryland courts could and would assert jurisdiction over a party to a contract in a suit for breach of that contract if the party has performed 'purposeful acts' in Maryland 'in relation to the contract, albeit preliminary or subsequent to its execution.'" *Du-Al Corp. v. Rudolph Beaver, Inc.*, 540 F.2d 1230, 1232 (4th Cir. 1976) (citing *Novack v. Nat'l Hot Rod Ass'n*, 247 Md. 350, 357, 231 A.2d 22 (1967)).  Subsection (b)(1) does not require the defendant to have been physically present in Maryland.  *See Bahn*, 98 Md.App. at 568, 634 A.2d 63 (finding that under this subsection "[t]he defendant need never have been physically present in the state"); *Sleph*, 76 Md.App. at 427, 545 A.2d 111 (holding that a "nonresident who has never entered the State . . . may be deemed to have 'transacted business' in the State within the meaning of subsection (b)(1) as long as his or her actions culminate in 'purposeful activity' within the State.").  An essential factor in determining whether business transactions give rise to specific jurisdiction is whether the defendant initiated the contact.  *CoStar Realty Info., Inc. v. Meissner*, 604 F.Supp.2d 757, 766 (D.Md. 2009).  Finally, even a single

contact with the forum can satisfy the transaction of business standard in subsection (b)(1). *Jason Pharm., Inc. v. Jianas Bros. Packaging Co.*, 94 Md.App. 425, 432, 617 A.2d 1125 (1993).

*Orbita Telecom SAC*, 606 F.Supp.3d at 248. Plaintiff does not satisfy that showing.

There is no indication that Plaintiff was even in Maryland when the Note (contract) was formed, or that Defendant knew that at the time. The fact that payment was made by Plaintiff from a bank in Maryland is of little consequence and is not sufficient for jurisdiction. The Note provided that the payoff was to be by wire transfer and does not indicate payment in Maryland.[2] As in *OHI Asset HUD Delta, LLC v. REIT Sols. II, LLC*, --- Md.App. ----, 2026 WL 221095, at *8 (Md.App.Ct. Jan. 28, 2026), receiving money from Maryland does not establish transacting business here or purposeful contacts for purposes of the Maryland Long Arm Statute. Accordingly, Plaintiff has not alleged sufficient contacts with Maryland to constitute doing business here.

---

[2] Rather, the Note directed repayment to a bank account at Lokahi Federal Credit Union. (ECF No. 1-2, at 4). Lokahi Federal Credit Union is a Hawaiian bank. *See About Us*, Lōkahi Fed. Credit Union, https://www.lokahifcu.com [https://perma.cc/X7U7-74MP]. Plaintiff indicated in email correspondence attached to his complaint that his bank account is in Hawaii. (ECF No. 1-7, at 35). Therefore, the Note appears to direct repayment in Hawaii.

Pursuant to 28 U.S.C. § 1406(a), a case brought in an improper venue may be transferred to any district or division in which it could have been brought.  Plaintiff acknowledges that the case could have been brought in the Western District of Tennessee.  (ECF No. 15, at 2).  The case will be transferred there.  A separate order will be entered.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

9